IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL H. WELCH, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br>     **Defendant.** ) <br> ) | No. 16 C 5829 <br><br> Magistrate Judge <br> Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Jill Welch's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's Motion for Summary Judgment, [Doc. No. 11], is granted and the Commissioner's cross-motion is denied.

**BACKGROUND**

**I. Procedural History**

Plaintiff filed an application for DIB on April 15, 2013, alleging a disability onset date of February 27, 2013 due to severe back pain, arthritis, depression,

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

severe headaches, severe dizziness, left epic condolitis, and anxiety. (R. 150, 194.) Her application was denied initially on August 1, 2013 and upon reconsideration on March 5, 2014. (R. 89–92, 97.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on March 19, 2014. (R. 100–101.) The hearing was held on November 2, 2015. (R. 39–66.) Plaintiff appeared at the hearing represented by an attorney and offered testimony. (*Id.*) A vocational expert also appeared and offered testimony. (*Id.*) On December 14, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 20–31.) The Appeals Council ("AC") denied review on April 4, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II. The ALJ Decision

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 27, 2013, her alleged onset date. (R. 22.) At step two, the ALJ concluded that Plaintiff has the following severe impairments: degenerative disc disease, carpal tunnel syndrome, and degenerative joint disease of the left elbow. (*Id.*) At step three, the ALJ concluded that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing. (R. 25.) The ALJ then determined that Plaintiff retains the residual functional capacity ("RFC") to perform work at the sedentary level, but can occasionally balance and stoop, never climb stairs, ramps, ladders, ropes, or scaffolds; no kneeling, crouching, or crawling;

no work at unprotected heights or moving mechanical parts; use of a walker for ambulating, but not walking away from the workstation; and frequent fingering on the non-dominant left hand. (R. 26.) At step four, the ALJ found that Plaintiff could perform her past relevant work as a collector and medical clerk because that work does not require the performance of work-related activities precluded by her RFC. (R. 30.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (R. 31.)

## DISCUSSION

### I. The ALJ Legal Standard

Under the Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389

(7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id*. The claimant bears the burden of proof at steps 1–4. *Id*. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id*.

**II. Judicial Review**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, or resolving conflicts in evidence. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning

4

behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions...and must adequately articulate his analysis so that we can follow his reasoning...."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *see Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence.").

**III. Analysis**

Plaintiff asserts that this Court should remand the ALJ's decision because she: (1) failed to follow the treating physician rule; and (2) improperly evaluated

5

Plaintiff's credibility. The Court is persuaded by the first argument presented for the reasons stated below.

**A. Treating Physician Rule**

Plaintiff argues that the ALJ failed to appropriately weigh the opinions of her treating physicians, Dr. Raja Nadimpalli, M.D., and Dr. Erica Hartl, M.D., thereby violating the "treating physician rule."

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id*.

**1. Dr. Nadimpalli**

In her opinion, the ALJ gave little weight to Dr. Nadimpalli's opinion that Plaintiff was unable to focus or sit for prolonged periods of time, that she was unable to walk for greater than five minutes or sit for longer than ten minutes, and

that there are no accommodations that would enable Plaintiff the ability to perform the essential functions of her job. (R. 29.) The ALJ concluded that although Dr. Nadimpalli is a treating source, her opinions were not supported by Plaintiff's conservative treatment or physical examinations which were lacking in detail. (*Id*.) The ALJ also pointed out numerous documents in which Dr. Nadimpalli opined that Plaintiff was unable to work, and explained such a determination is reserved for the Commissioner. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("Under the Social Security regulations, the Commissioner is charged with determining the ultimate issue of disability.") The Court agrees with the ALJ that she is not required to credit Dr. Nadimpalli's opinion regarding Plaintiff's ability to work and was entitled to accord it little weight; however, even if the ALJ had legitimate reasons to discount Dr. Nadimpalli's medical opinion, she ultimately did not apply the correct legal standard in determining what weight the opinion should be given. *See* 20 C.F.R. § 404.1527(d)(2); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008).

If the ALJ does not give the treating physician's opinion controlling weight, the ALJ cannot simply disregard it without further evaluation. *O'Neill v. Colvin*, No. 13 C 50062, 2014 WL 7051730, at *3 (N.D. Ill. Dec. 12, 2014) (citing *Campbell*, 627 F.3d at 308). Instead the ALJ must specifically determine what weight, if any, the opinion should be given. *Id*. To make this determination, the ALJ must apply the checklist of factors set forth in 20 C.F.R. § 404.1527(c)(2). The ALJ indicated the

7

amount of weight she was giving to Dr. Nadimpalli's opinion, but she failed to analyze the requisite factors.

Dr. Nadimpalli has been seeing Plaintiff since at least March of 2011, she frequently evaluated her: she saw her at least four times in 2011, at least six times in 2012, and at least four times in 2013. Furthermore, because of their established relationship, Dr. Nadimpalli had the opportunity to continuously track Plaintiff's progress. *See Eakin v. Astrue*, 432 F. App'x 607, 612 (7th Cir. 2011) (unpublished opinion). The ALJ found Dr. Nadimpalli's assessments to not be supported by Plaintiff's conservative treatment, (R. 29), but the numerosity and consistency of Dr. Nadimpalli's records suggest they should have been analyzed more closely by the ALJ.

**2. Dr. Hartl**

The ALJ also gave little weight to Dr. Hartl's findings that Plaintiff can only sit, stand, or walk for less than an hour in an eight hour work day, that Plaintiff would need to alternate between sitting and standing every ten minutes, and that Plaintiff was unable to work. (R. 29.) As she did with Dr. Nadimpalli, the ALJ discounted Dr. Hartl's opinion because it was not supported by the record. Likewise, the ALJ found that there were few physical exams with details, most of which only documented that Plaintiff was in pain. (*Id.*)

Plaintiff began seeing Dr. Hartl in November of 2014, followed by at least seven visits in 2015. (R. 763, 779, 799, 804, 811, 815, 819, 839.) Plaintiff often complained of depression and dizziness during these visits and also received

8

prescription management for her ailments. The ALJ did not discuss any of these visits nor did she provide any analysis of them in her opinion. Because of this, the Court is unable to determine that the ALJ undertook a comprehensive consideration of all the medical evidence. Again, the Court agrees with the ALJ that the ultimate issue of disability is a legal decision reserved for the Commissioner, but notes that the ALJ cannot disregard medical evidence as a whole from the treating physician. *Scrogham*, 765 F.3d at 697.

Overall, the ALJ's opinions lacks sufficient explanation regarding the opinions of Dr. Hartl and Dr. Nadimpalli and remand is appropriate. To be clear, the Court is not finding that the ALJ must give great weight to both or either physician, rather, the ALJ must sufficiently explain the rationale that underlies whatever decision she makes in accordance with the factors of 20 C.F.R. § 404.1527. The ALJ chose to give less weight to two treating physicians who separately came to similar conclusions about Plaintiff's condition. Specifically, the ALJ did not analyze the nature and extent of the treatment relationships, the frequency of examination, the supportability of the decision, the consistency of the opinion with the record as a whole, or whether Dr. Hartl or Dr. Nadimpalli had a relevant specialty. In fact, the ALJ "analyzed" Dr. Hartl and Dr. Nadimpalli's opinions almost interchangeably by grouping them together instead of giving each respective opinion its own proper analysis. Therefore, this case is remanded for further analysis and explanation as to the weight, if any, given to Dr. Hartl and Dr. Nadimpalli's opinions and reports.

9

## B. Plaintiff's Remaining Arguments

Because remand is required for errors in the ALJ's weighing of the opinion evidence of Dr. Hartl and Dr. Nadimpalli, the Court need not address Plaintiff's remaining arguments regarding her subjective statements at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See,* e.*g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009)("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala,* 22 F.3d 687, 693 (7th Cir. 1994). Further, the ALJ is advised to consider Plaintiff's testimony in light of the recent guidance provided by SSR 16-3p and focus on Plaintiff's asserted symptoms. *See Cole v. Colvin*, 831 F.3d 411, 413 (7th Cir. 2016).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment [Doc. No. 11] is granted and the Commissioner's cross-motion is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

SO ORDERED.   ENTERED:

*[Signature: Maria Valdez]*

DATE:   **April 5, 2018**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**